IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT E. L. BROWN                                                                                          PLAINTIFF

v.                                              Civil No. 6:21-cv-06084

MICHAEL SHANE HARRIS et al.                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before this Court are Plaintiff Robert E. L. Brown's ("Brown") Motions for Service. ECF Nos. 1, 7. Brown filed the current *pro se* Complaint against ten different Defendants. ECF No. 10. Plaintiff does not specifically raise a basis for jurisdiction but only claims the following regarding jurisdiction: "This court has jurisdiction in all of these matters under 28 USC 1334 AND 28 USC 1347." ECF No. 2.

Plaintiff's claims as stated in his Complaint are also unclear. After reviewing the Complaint, Plaintiff appears to claim he was criminally defrauded and that fraud resulted in harm: "That Shane Harris [one of the Defendants] engaged in a pattern of criminal acts designed to inflict harm and or Cause the death of an elderly disabled citizen of the United States in retaliation of that citizen." ECF No. 2 at 2. This matter has been referred to the undersigned and is now ripe for consideration.

Plaintiff filed this *pro se* Complaint on April 20, 2021, and he requested he be granted IFP status. ECF No. 1. Thereafter, on June 9, 2021, this Court granted Plaintiff's requested IFP status. ECF No. 10. As a part of that order, Plaintiff was given twenty days, or until June 29, 2021, to provide a service addresses for each separately named Defendant in this action. ECF No. 10. This

date, June 29, 2021, has passed, and Plaintiff has not complied with the Court's order.  Instead of responding as directed, Plaintiff filed unrelated motions.[1]

Based upon these facts, the Court finds Plaintiff has failed to comply with an order of this Court and has failed to prosecute this action.  Accordingly, I recommend this case be dismissed without prejudice and Plaintiff's Motions for Service (ECF Nos. 1, 7) be **DENIED**.  *See* FED. R. CIV. P. 41(b).  *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).  Furthermore, the Court recommends any other pending motions, including the Motion and Affidavit to Appoint Counsel (ECF No. 11), be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **8th day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Instead of providing these addresses as directed by this Court for service, Plaintiff instead filed a Motion and Affidavit to Appoint Counsel.  ECF No. 11.  With this separate motion, Plaintiff seeks to add another individual, Tommy Tranthum, as Co-Plaintiff and to have Mr. Tranthum appointed counsel.  *Id.*  Based upon this separate motion, it is unclear if Mr. Tranthum has consented to be involved in this lawsuit or what involvement he has.  Indeed, Plaintiff states that Mr. Tranthum "is being held against his will" and presumably would then have no knowledge of this lawsuit.  ECF No. 11 at 4.  Subsequently, Plaintiff also filed a "Motion for Emergency Action" (ECF No. 12) and an Amended Complaint (ECF No. 13).  Neither one of these motions comply with the Court's directive to supply addresses for Defendants.