IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT E. L. BROWN                                                                                           PLAINTIFF

v.                                              Case No. 6:21-cv-6084

MICHAEL SHANE HARRIS, *et al*.                                                              DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Plaintiff has filed an objection. ECF No. 15. The Court finds the matter ripe for consideration.

On April 20, 2021, Plaintiff filed his Complaint (ECF No. 2) and his Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 1). Plaintiff's Complaint (ECF No. 2) and Motion to Proceed IFP (ECF No. 1) were initially filed in the Eastern District of Arkansas. This matter was later transferred to the Western District of Arkansas. ECF No. 3; ECF No. 4. Plaintiff's Complaint made general accusations against Defendants for unlawful eviction, assault, and seizure of property and asserted jurisdiction under 28 U.S.C. §§ 1334 and 1347. ECF No. 2, p. 2-3.

On June 3, 2021, Plaintiff filed an Updated Motion for Leave to Proceed IFP (ECF No. 7), which was referred to Judge Bryant for consideration. Plaintiff also filed other motions: Motion for Order of Protection (ECF No. 8); Amended Motion for Order of Protection (ECF No. 9); Motion and Affidavit to Appoint Counsel (ECF No. 11), and; Motion for Emergency Action (ECF No. 12). On June 9, 2021, Judge Bryant granted Plaintiff's motions to proceed IFP, with the condition that Plaintiff provide service addresses for each Defendant within twenty (20) days of the order. On July 8, 2021, Judge Bryant filed the instant Report and Recommendation, which

recommends that Plaintiff's claims be dismissed without prejudice. ECF No. 14, p. 1-2. On July 21, 2021, Plaintiff filed his objection to Judge Bryant's recommendation. ECF No. 15.

Judge Bryant's Report and Recommendation determined that Plaintiff did not comply with the previous order (ECF No. 10) to provide service addresses for all Defendants by June 29, 2021. ECF No. 14. Judge Bryant states that this failure to comply with an order of the Court is sufficient grounds to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). *Id*. at p. 1-2. Judge Bryant also recommends that all other pending motions filed by Plaintiff be denied along with dismissal of this matter. *Id*. at p. 2. Plaintiff's objection does not address Judge Bryant's reasoning or explain why he did not provide the Court with service addresses for Defendants. Instead, Plaintiff uses the majority of his filed objection to make new factual allegations related to his claims, make new demands for criminal charges against Defendants, and request monetary awards. ECF No. 15, p. 1-3. The closest Plaintiff gets to acknowledging the basis of Judge Bryant's recommendation for dismissal is attaching a list of service addresses to his objection for four of the named Defendants. *Id*. at Exhibit 2.

Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of the issues related to any specific and timely objection made by Plaintiff to Judge Bryant's recommendation. *See also Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (timely objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*). Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action when a plaintiff has failed to prosecute his claims or comply with an order of the Court. Plaintiff's filed objection, while timely, does not contain any specific objection to Judge Bryant's recommendation. Even applying the required liberal construction to Plaintiff's *pro se* objection, the Court cannot view his attachment of service addresses for some Defendants as a specific

objection to Judge Bryant's reasoning that Plaintiff failed to adhere to the prior order to provide service addresses by a certain date. *See Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (noting that pro se filings must always be construed liberally) (citations omitted).  Therefore, the standard for reviewing Judge Bryant's recommendation is one of plain error. *See Griffini*, 31 F.3d at 692.  Applying that standard, the Court finds that Judge Bryant's recommendation is sound. Plaintiff failed to adhere to Judge Bryant's order (ECF No. 10) that Plaintiff provide service addresses for all Defendants within twenty (20) days.  Accordingly, Judge Bryant's recommendation that this matter be dismissed pursuant to Rule 41(b) for failure to adhere to an order of the Court is not in error. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962) (holding that a court's inherent power to dismiss a case for lack of prosecution allows for a court to dismiss under Rule 41(b) without a defendant first moving for dismissal).  As to Judge Bryant's recommendation that all other pending motions (ECF No. 8; ECF No. 9; ECF No. 11; ECF No. 12) by Plaintiff be denied, the Court finds that would be a natural consequence of its decision to adopt the recommendation to dismiss Plaintiff's claims.

For the reasons stated above, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 14) *in toto*.  Plaintiff's objection is overruled.  Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of October, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge